## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

TYRONE ANTHONY HILL,            )
                                )
          Plaintiff,            )
                                )
v.                              )          CV424-036
                                )
JOHN FLORIO, *et al.*,          )
                                )
          Defendants.           )

## ORDER

*Pro se* plaintiff Tyrone Anthony Hill has filed a 42 U.S.C. § 1983 Complaint alleging that he was subjected to excessive force during the course of an arrest and that officers fabricated testimony to enhance the charges against him. *See* doc. 1 at 8-11. The Court previously granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 6 & 9. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A.

"Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).  As Hill is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.  *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Hill alleges that he was arrested on August 8, 2023.  Doc. 1 at 8. He alleges that various actions by all of the defendant officers constituted excessive force. *Id.* at 8-11.  For purposes of this screening, his allegation that Defendant John Florio "began choke slamming [him] into the back seat of the patrol vehicle," and struck Hill multiple times in the head with a baton, is particularly relevant.  *Id.* at 10.  The Court also notes Hill's allegation that officers slammed his leg in the door of a transport van, "scrap[ed] flesh from [his] shin" with a baton, slammed his head against the wall of the van, and "mase[d]" him.  *Id.* at 11.  He also alleges that the officers "conspired together . . . by each agreeing to fals [sic] events that didn't happen but agreeing with each other that they did." *Id.* at 11. Finally, he alleges that Escobedo provided false testimony at an unspecified hearing.  *Id.*

The Fourth Amendment "encompasses the right to be free from excessive force during the course of a criminal apprehension." *Corbitt v. Vickers*, 929 F.3d 1304, 1315 (11th Cir. 2019) (internal quotation marks and citation omitted). "To establish a Fourth Amendment claim for excessive force, a plaintiff must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable." *Id.* (internal quotation marks and citation omitted). Officers may also be liable when they witnessed excessive force, had the ability to intervene, and failed to do so. *See, e.g., Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Hill v. Mazerac*, 2024 WL 558300, at *2 (N.D. Fla. Jan. 16, 2024) ("An officer can also violate the Fourth Amendment by not intervening when another officer used excessive force."). While the Court is skeptical that every instance of force described in Hill's Complaint alleges use of excessive force, the incidents noted above allege sufficient facts for service.[1]

Hill's allegation that the defendants presented false testimony to enhance the charges against him implicates a claim for malicious

---

[1] To be clear, the Court does not find that any excessive force claim is sufficient to survive a fully briefed Motion to Dismiss. However, the plausible implication that Defendant John Florio subjected Hill to excessive force, in at least one instance, and that the other defendants were present and failed to intervene, is sufficient for service. Parsing Hill's various allegations of force and failure to intervene to

prosecution.  In order to establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment.").  The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted).  While law enforcement officers may, in some circumstances, be liable for malicious prosecution when they intentionally misstate facts, *see, e.g., Washington v. Howard*, 25 F.4th 891, 907 (11th Cir. 2022), a malicious prosecution claim does not accrue until the favorable termination occurs, *see, e.g., Heck v.*

---

determine the precise scope of his claims is simply not appropriate for the Court at the screening stage.

*Humphrey*, 512 U.S. 477, 489-90 (1994).  Since Hill does not allege any favorable termination, and affirmatively alleges that the prosecution is ongoing, *see* doc. 1 at 11, any malicious prosecution claim fails.  Those claims are, therefore, **DISMISSED**.[2]

Since the Court approves for service Hills' excessive force claim against Defendants John Florio, Carlos Escobedo, Lacy Florio, and Jeremy Salerno, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon each of them by the United States Marshal without prepayment of cost.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal

---

[2]  The clear implication of Hill's allegations is that his prosecution is ongoing.  The failure to allege favorable termination in support of a malicious prosecution claim is, therefore, not an amendable defect.  *Cf. Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).

service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a)(2).  Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer.  Local R. 26.1.  Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition

and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

<u>**INSTRUCTIONS TO PLAINTIFF**</u>

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

7

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff

must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press this case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.  Upon no less than five days' notice of the scheduled

deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a

motion.  Local R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion.   Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's

affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

The Court must also assess Hill's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects average monthly deposits of $61.34. Doc. 6 at 1. Based upon his furnished information, he owes an initial partial filing fee of $12.27. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). On April 16, 2024, Hill submitted a $43.00 payment. *See* docket entry dated April 16, 2024. He has, therefore, remitted the initial partial filing fee. His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the

custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

     **SO ORDERED**, this 23rd day of April, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA